IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                 CIV 03-599 JP/KBM
                                                                    CR 01-1478 JP

JOE DE LA ROSA,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter is before the Court on Joe De La Rosa's motion pursuant to 28 U.S.C. § 2255, his memorandum in support, the United States' response and Defendant's "traverse." *See Docs. 1,6.9.* The day after Defendant robbed a bank by knife point, he turned himself in and confessed to the crime. Defendant was sentenced to, among other things, fifty-seven months imprisonment, which was at the lowest end of the applicable Guidelines range. He raises two intertwined arguments in the instant motion – that District Judge Armijo erroneously denied his request for a downward departure for "extraordinary acceptance" of responsibility and that his trial attorney was ineffective for failing to appeal the issue. The United States contends the claims are procedurally defaulted or alternatively without merit.

    Having considered the arguments, pleadings, and relevant law, and for the reasons set forth below, I find the motion is not well-taken and recommend that it be denied. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Defendant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g.,*

*§ 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

A recent Supreme Court case disposes of part of the Government's procedural default claim. That is, the ineffective assistance of counsel claims are not defaulted for failure to raise them in direct appeal. *Massaro v. United States,* ___ S. Ct. ___, 2003 WL 1916677 at *3 (4/23/03) (adopting position of majority of circuits, including the Tenth Circuit decision in *Galloway,* and holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"); *see also United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995).

The prejudice prong of the two-part test that governs ineffective assistance of counsel claims as announced in *Strickland v. Washington,* 466 U.S. 668 (1984) is dispositive of the matter before me. *E.g., Smith v. Robbins,* 528 U.S. 259, 286 n.14 (2000); *Scoggin v. Kaiser,* 186 F.3d 1203, 1207 (10th Cir.), *cert. denied,* 528 U.S. 953 (1999). I will assume for the purposes of discussion only that Defendant requested his attorney to appeal the decision not to depart downward and his attorney failed to do so.[1]

To establish the requisite "prejudice" for a claim of failure to file an appeal, Defendant must show " a reasonable probability that, but for his counsel's unreasonable failure to raise [the claim, Defendant] would have prevailed on his appeal." *Duckett v. Mullin,* 306 F.3d 982, 996 (10th Cir. 2002) (internal quotations and citations omitted), *cert. denied,* 123 S. Ct. 1911 (2003); *see also Cargle v. Mullin,* 317 F.3d 1196, 1203, n.4 (10th Cir. 2003) ("This court

---

[1] Defendant's counsel states in his affidavit that he does not recall Defendant asking him to file and appeal and that had he asked, counsel would have done so. *See Doc. 6,* Exh. A. Defendant maintains that he did ask his attorney to file an appeal. *See Doc. 1* (attached memorandum at 6).

recently rejected the idea that omission of a 'dead bang winner' issue is a *necessary* condition for prevailing on an appellate ineffectiveness claim. *Neill,* 278 F.3d at 1057 n. 5. *Neill' s* holding does not undermine the principle that omission of a clearly meritorious issue can be a *sufficient* basis for such a claim.") (emphasis original).

Defendant would not have prevailed on appeal because Judge Armijo recognized that she had the authority to depart but chose not to do so on the merits of the arguments before her. *See Doc. 6* at 5 (quoting from Sentencing Transcript: "I do not find that the remorse that he has displayed here today through his letters, other matters brought to my attention, for purposes of your request, is present or exists to such an extent or to such an exceptional degree as to take this case out of the heartland of cases."); *see also Doc. 1* (attached memorandum at 4, 5: "[Judge Armijo] entertained the argument for a downward departure based on Movant's actions in surrendering and confessing to the police, but denied the downward departure, explaining: 'Mr. De La Rosa was not remorseful enough,'" which Plaintiff construes as an expression that the sentencing judge "erroneously believed itself without authority to consider a departure based on the factors present in his case.").

As the Tenth Circuit held under indistinguishable circumstances:

> "Our review of a sentencing court's refusal to grant a downward departure is narrow." *United States v. Browning,* 252 F.3d 1153, 1160 (10th Cir. 2001).
>
> > [C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant. . . . This exception does not apply when a sentencing court concludes under the defendant's particular circumstances that it does not have the authority to depart.

> *Id.* at 1160-61 (citing *United States v. Castillo,* 140 F.3d 874, 887 (10th Cir. 1998)). Here, the district court recognized that it had the authority to grant a downward departure based on cultural assimilation but elected not to do so. The court's decision not to grant the motion for downward departure was therefore not appealable. *See id.* Counsel's failure to engage in a frivolous appeal cannot be considered ineffective assistance of counsel.

*United States v. Sanchez-Dominguez,* 17 Fed. Appx. 895, 897 (10th Cir. 2001).

Finally, in various footnotes Defendant maintains that the base level under the Guidelines should have been a level 25 rather than a level 26. *See Doc. 1* (attached memorandum at 3, n.2); *Doc. 9* at 2, n.1. Yet even if the base level was 25, it would not have affected the sentence he received. Starting with a base level of 25, minus 3 levels for acceptance, and a criminal history category of III, the sentencing range would have been 51-63 months, and his fifty-seven month sentence is within that range.

Wherefore,

**IT IS HEREBY RECOMMEND** that Defendant's § 2255 motion be denied and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE